MR. JUSTICE MORRISON
concurring:
I concur in the result reached by the majority. However, I take exception to that language in the majority opinion which gives sanction to the prosecuting attorney’s closing argument.
*154 As pointed out in the majority opinion, the prosecutor told the jury:
“I suggest that you must also be able to live with acquittal based upon what you know this man did, if you acquit him and turn him loose, you must also be able to live with that.”
This statement was made in response to a defense argument that the defendant should be given an opportunity for treatment. The majority finds the prosecutor’s statement to be a legitimate response to the defense argument.
If the prosecutor’s statement was made in response to a defense argument regarding the consequences of acquittal based upon mental disease or defect, then the prosecutor’s argument was improper. Although the defense went outside the record, the defense accurately informed the jury about the consequence of a mental disease acquittal. If the prosecutor was responding to such an argument, the prosecutor falsely informed the jury that such an acquittal would result in the defendant being turned loose. Though both comments went outside the record, the defense statement was true while the prosecutor’s was false.
I realize that the statement made by the prosecuting attorney can be justified on the basis that an outright acquittal of the defendant would have the effect of freeing the defendant. Nevertheless, the statement is misleading, and when made in response to the defense argument regarding mental disease or defect, would tend to create a false impression in the minds of the jurors.
A prosecuting attorney has a far different ethical role than an attorney prosecuting a civil action. The prosecuting attorney represents the people and should always strive to present the case objectively. The prosecutor’s closing argument in this case is improper when viewed in context of the obligation owed.
Defense counsel did not move for a mistrial and only argues error in the trial court failing to instruct the jury on the consequences of an acquittal based upon mental disease or defect. Under these circumstances, I concur with the affirming verdict. However, I do hereby intend to express strong sentiment against improper jury *155 argument and, if the proper record is made, will tend to view prejudicial arguments as reversible error.
MR. JUSTICE SHEA concurs.